```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

GREGORY D. BOSLEY, et al.,    :
                              :
        Plaintiffs,            :
                              : NO. 1:04-CV-00513
                              :
    v.                         :
                              : **ORDER**
                              :
JEROME W. SINGLETON,          :
                              :
        Defendant.             :
                              :

       This matter is before the Court on Plaintiffs' Motion for Summary Judgment (doc. 25), Defendant's Memorandum in Opposition (doc. 32), and Plaintiffs' Reply (doc. 35). Also before the Court is the parties' Joint Motion to Continue Trial Date (doc. 36).

**I. Background**

       The facts of this case can be fairly summarized as follows. This diversity case arises out of an altercation between Plaintiff Gregory D. Bosley and Defendant Jerome Singleton, on August 16, 2003 (doc. 1). Plaintiff, a resident of Kentucky, had parked his van near or on Defendant's property, and Defendant, a resident of Ohio, asked Plaintiff to move the vehicle away (Id.). After Plaintiff repeatedly refused to move, Defendant started up a front end loader/forklift and drove it to where Plaintiff was sitting (Id.). Defendant waved for Plaintiff to move, and Plaintiff

again refused (Id.).  Defendant then slid the forks of the loader under Plaintiff's van and began to lift it (Id.).  Defendant let the van down again, backed out, and again motioned for Plaintiff to move (Id.).  Plaintiff still refused, so Defendant slid the forks back under the van again, raised it two feet off the ground, shifted the loader toward the road, and moved out to middle of the road and set the van down (Id.).  Although the parties' versions of the events differ slightly[1], and although the parties appear to dispute whether Plaintiff was trespassing on Defendant's property, there is no dispute that Defendant subsequently pled guilty to negligent assault[2] in the Clermont County Court of Common Pleas in relation to his actions on August 16, 2003.

On August 5, 2004, Plaintiffs filed their five-count Complaint, alleging 1) an action in negligence, 2) assault, 3) battery, 4)negligence per se, and 5)claims for loss of consortium (doc. 1).  Plaintiffs request punitive and compensatory damages, court costs and attorney fees, pre and post judgment interest, and any other relief to which they might be entitled (Id.).  On September 30, 2005, Plaintiffs filed the present motion for summary judgment, arguing there is no genuine issue of material fact as to

---

[1] Defendant, for example, indicates he "set the van down gently," (doc. 32), while Plaintiff indicates Defendant "violently dropped the vehicle to the ground" (doc. 1).

[2] O.R.C. § 2903.14(A) states that "[n]o person shall negligently. . . cause physical harm to another."

Defendant's negligence, and they are entitled to judgment as a matter of law (doc. 25).

**II.  The Legal Standard for a Motion for Summary Judgment**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992)(per curiam).  In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment. . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying

-3-

those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could

-4-

reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir.1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See

Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

## III. Discussion

The issue presented in Plaintiffs' motion for summary judgment is whether they are entitled to summary judgment on the issue of Defendant's negligence, because of Defendant's previous misdemeanor plea (doc. 25). Plaintiffs, citing Wilcox v. Gregory, 112 Ohio App. 516, 176 N.E. 2d 523, 525 (1960), argue that record of a prior guilty plea may be admitted as "a solemn confession of the very matter charged in the civil action" (Id.). Plaintiffs further argue that because Defendant admitted his conduct was negligent when he entered the plea, he is estopped from denying his conduct was negligent in this civil matter (Id.).

In response, Defendant argues that a plea of guilty in a criminal case is not sufficient to meet Plaintiffs' burden, citing James Clark and Others v. William Irvin, 9 Ohio 131 (1839), Wilcox v. Gregory, 112 Ohio App. 516 (1960), and Swigart v. Swigart, 115 N.E. 2d 871, 876 (1953), all of which Defendant argues stand for the

proposition that a guilty plea is not conclusive in a civil action (doc. 32). Defendant further argues that Plaintiffs have not established that Defendant breached a duty owed to them (Id.). Defendant argues that he was simply exercising his "legal right to eject Plaintiff from his property" (Id.). Finally, Defendant argues Plaintiffs have not shown that a breach of duty was the proximate cause of Plaintiffs' injury (Id.). In summary, Defendant argues that construing the evidence in a light most favorable to his position, there are substantial issues of material fact that preclude summary judgment (Id.).

Plaintiffs reply that Defendant's reliance on Clark, 9 Ohio 131 (1839), Wilcox, 176 N.E.2d 523, and Swigart, 115 N.E. 2d 871 (1953), is misplaced under the facts of this case (doc. 35). In this case, argue Plaintiffs, Defendant has specifically admitted to his negligence and causation, two requisite elements of Plaintiffs' cause of action (Id.). By contrast, argue Plaintiffs, in Swigart, where a husband had previously plead guilty to the assault and battery of a child, such evidence was relevant but not alone determinative in a subsequent child custody dispute. (Id. citing 115 N.E. 2d at 876). Similarly, in Wilcox, a plea of guilty to speeding was not conclusive evidence that defendant caused a traffic accident (Id. citing 176 N.E.2d at 525). Here, argue Plaintiffs, Defendant's plea of guilty proves his negligence as a matter of law, and he is estopped from offering evidence to the

contrary (Id.).   Finally, Plaintiffs argue Defendant clearly breached a duty imposed by criminal statutes not to act negligently in causing harm to Mr. Bosley, so that Defendant's argument that he breached no duty should be rejected (Id.).

Having reviewed this matter, the Court finds Plaintiffs' position well-taken.  Clearly Defendant pled guilty to negligent assault, which serves as an admission that he negligently caused physical harm to Plaintiff.  O.R.C. § 2903.14(A).  There is no genuine dispute as to this question, and so Plaintiffs are entitled to judgment as a matter of law on their claims for negligence and negligence per se.  Defendant has already admitted in a legal proceeding that he lapsed substantially from the standard of due care, and caused physical harm to Mr. Bosley, "regardless of its gravity or duration."  O.R.C. §§ 2901.22 (D), 2901.01(A)(3).  The question that remains is therefore the extent of the damage suffered by Plaintiffs, including whether there is any basis for a claim of loss of consortium, all of which can be determined by a jury confronted with admissible and relevant evidence proffered by Plaintiffs.  Accordingly, this matter will proceed on the question of damages.

**IV.  The Parties' Joint Motion to Continue Trial Date (doc. 36)**

The parties move the Court to vacate the December 13, 2005 trial date in this matter so as to permit Plaintiff Gregory Bosley to complete his medical treatment (doc. 36).  The Court finds such

motion well-taken, and grants the parties' request.

**V.  Conclusion**

Having reviewed this matter, the Court finds Plaintiffs' motion well-taken.  There is no genuine issue of material fact as to the question of Defendant's breach of his duty of care to Plaintiff Gregory Bosley, and Defendant's prior admission that he caused Mr. Bosley physical harm.  Accordingly, the Court GRANTS Plaintiffs' Motion for Summary Judgment (doc. 25).  The Court further GRANTS the parties' Joint Motion to Continue Trial Date (doc. 36), CONVERTS the 2:00 P.M., November 29, 2005 Final Pretrial Conference to a status conference, VACATES the December 13, 2005 trial date, and SCHEDULES the Final Pretrial Conference for 10:00 A.M. on March 1, 2006, with the three-day jury trial to commence April 4, 2006.


SO ORDERED.

Dated: November 8, 2005        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge